UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MIKELL ALLEN CALVERT (#522411)

VERSUS                                                  CIVIL ACTION

LT. MIKE CARLILE                                        NUMBER 14-119-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 10, 2015.

                                         STEPHEN C. RIEDLINGER
                                         UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MIKELL ALLEN CALVERT (#522411)

VERSUS                                                    CIVIL ACTION

LT. MIKE CARLILE                                          NUMBER 14-119-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Plaintiff was ordered to show cause why his complaint should not be dismissed for failure to serve the defendant within the time allowed by Rule 4(m), Fed.R.Civ.P.  Record document number 13.

*Pro se* plaintiff, an inmate previously confined at the Louisiana State Penitentiary, Angola, Louisiana, filed a complaint pursuant to 42 U.S.C. § 1983 against Lt. Mike Carlile.  Plaintiff alleged that the defendant violated the plaintiff's constitutional rights on November 3, 2013, through deliberate indifference to the plaintiff's serious medical needs.

Plaintiff was ordered to show cause, in writing, on or before October 9, 2015, why his complaint should not be dismissed for failure to serve the defendant within 120 days after the complaint was filed as provided in Rule 4(m).  Plaintiff was placed on notice that a failure to file a timely response to the Court's Order "may result in the dismissal of the Complaint without further notice." Plaintiff has failed to respond to the order to show cause.

Under Rule 4(m) a district court is authorized to dismiss a

case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). However, if a plaintiff can show good cause for failing to serve a defendant, the court must allow additional time for service. *Id*.

To establish good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect...." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice...." *Id*. In addition, "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required." *Id*. (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)). It is "irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days." *Id*. at 1305-06.

An incarcerated *pro se* plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such fault is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). However,

2

if the failure to timely effect service is due to the "dilatoriness or fault" of the plaintiff, he will be unable to show good cause for such failure.  *Id.*

A review of the record showed that the defendant has not been served with the summons and complaint.  Summons was issued on April 16, 2014.  The Court is advised that on April 23, 2014, the Marshal's Office sent the plaintiff, at his record address, a Process Receipt and Return Form USM-285 with instructions to complete and return the form.  The Marshal's Office requires a completed Form USM-285 in order to serve a defendant employed by the Department of Corrections.  On April 30, 2014, the uncompleted form was returned to the Marshal with a notation on the returned envelope indicating that the plaintiff was no longer confined at the place he provided as his record address.

The record evidence supports finding that the failure to timely effect service was due to the "dilatoriness or fault" of the plaintiff and that the plaintiff has not met his burden of showing good cause for failure to timely effect service.  Plaintiff has not taken any action in this case for more than a year and has not filed a response to the court's order directing him to show cause.  In addition, the Court's order to show cause has also been returned to the Court with a notation on the returned envelope indicating that the plaintiff is no longer confined at the place he provided as his record address.  It appears, therefore, that the plaintiff

has lost interest in the prosecution of this case since his transfer or release from confinement.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that plaintiff's complaint be dismissed, without prejudice, for failure to timely serve the defendant pursuant to Rule 4(m), Fed.R.Civ.P.

Baton Rouge, Louisiana, November 10, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

4